CLOWE v. PATON.

1. APPEAL AND ERROR—AUTOMOBILES—INTERSECTION—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

The testimony must be viewed in the light most favorable to plaintiffs on defendant motorist's appeal based on his claim that plaintiff driver was guilty of contributory negligence as a matter of law in action arising out of a collision at an intersection of 2 country roads.

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error § 937 et seq.
[2] 5A Am Jur, Automobiles § 1006 et seq.

2. AUTOMOBILES—INTERSECTIONS—GREAT WEIGHT OF EVIDENCE—
   STOPPING—OBSERVATION.
   Verdicts for southbound motorist and her husband in their actions
   against westbound motorist for injuries sustained in collision
   at intersection of country roads *held,* not contrary to the great
   weight of the evidence, where there was testimony that plaintiff
   driver had stopped completely 10 or 12 feet from the inter-
   section, looked to the east before proceeding and was in second
   gear when hit broadside by defendant.

Appeal from Ingham; Coash (Louis E.), J. Sub-
mitted June 8, 1956. (Docket No. 49, Calendar No.
46,800.) Decided December 28, 1956.

Case by Mary Clowe against Margaret Paton for
damages for personal injuries resulting from auto-
mobile collision. Similar action by Warren Clowe
for property damage and medical expense. Cases
consolidated for trial and appeal. Verdicts and
judgments for plaintiffs. Defendant appeals.
Affirmed.

*Farhat & Burns (James E. Burns,* of counsel), for
plaintiffs.

*Jennings, Fraser, Parsons & Trebilcock,* for de-
fendant.

BOYLES, J. This is an appeal by the defendant
from judgments entered for the plaintiffs on ver-
dicts after jury trial arising from an automobile col-
lision. Plaintiff Mary Clowe had verdict and judg-
ment for $3,000, and her husband Warren for
$459.35.

Plaintiff Mary Clowe was driving her husband
Warren's automobile south on Boichot road in Clin-
ton county and a collision occurred in the center
of its intersection with Stoll road, with an auto-
mobile driven west on Stoll road by defendant Mar-

garet Paton. Both were narrow, gravel, country roads, neither having priority. The collision occurred about 3 'o'clock in the afternoon of a clear day in June and the road surfaces were dry.

The defendant claims for reversal that the plaintiff driver was guilty of contributory negligence as a matter of law, and that the verdicts for the plaintiffs were contrary to the great weight of the evidence. Under the circumstances, the testimony must be taken in the light most favorable to the plaintiffs.

The testimony of the parties was conflicting. Its credibility was for the jury. Plaintiffs' automobile was first into the intersection and was struck broadside on its left by defendant's automobile coming from the east. There was conflicting testimony as to how far the defendant driver could see north on Boichot from Stoll road; whether the plaintiff driver stopped completely 10 or 12 feet from the intersection and proceeded into the intersection in second gear as she testified; she also testified that she looked east (Stoll road) before proceeding. As to any conflict in testimony, the jury obviously believed the plaintiff driver and gave credibility to the plaintiffs' proofs. Viewed here on the appeal in the light most favorable to the plaintiffs, we do not find from the record that the plaintiff driver was guilty of contributory negligence as a matter of law. Nor does it appear that the verdicts of the jury were contrary to the great weight of the evidence.

Affirmed.

Sharpe, Smith, Edwards, Kelly, Carr, and Black, JJ., concurred with Boyles, J.

Dethmers, C. J., concurred in the result.